[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13675

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CRISTIAN ORLANDO CASTILLO-QUINONES,
a.k.a. Pantaloneta

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00053-CEH-AAS-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Cristian Castillo-Quinones appeals his conviction for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. He argues that his prosecution under the Maritime Drug Law Enforcement Act violated the Due Process Clause of the Fifth Amendment and exceeded Congress's authority under the Felonies Clause in Article I, Section 8, Clause 10 of the U.S. Constitution because his offense bore no nexus to the United States. The government moves for summary affirmance because our precedents foreclose Castillo-Quinones's arguments. We affirm.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Article I of the Constitution empowers Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const. art. I, § 8, cl. 10. It provides three distinct grants of power: "the power to define and punish piracies"; "the power to define and punish felonies

committed on the high seas"; and "the power to define and punish offenses against the law of nations." *United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248 (11th Cir. 2012). These grants are referred to as the Piracies Clause, the Felonies Clause, and the Offences Clause, respectively. *See id.* at 1248–49.

The government is clearly correct as a matter of law. Congress enacted the Maritime Drug Law Enforcement Act to prohibit knowing and intentional possession with intent to distribute controlled substances onboard vessels subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1); see *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014). In *Campbell*, we held that the Act is a constitutional exercise of congressional authority as applied to vessels on the high seas under the Felonies Clause. 743 F.3d at 809–10. And we held that "the Due Process Clause of the Fifth Amendment does not prohibit the trial and conviction of an alien captured on the high seas while drug trafficking, because the Act provides clear notice that all nations prohibit and condemn drug trafficking aboard stateless vessels on the high seas." *Id.* at 812. Castillo-Quinones concedes in his initial brief that his arguments to the contrary are foreclosed by our precedents.

We **GRANT** the government's motion for summary affirmance.

**AFFIRMED.**